UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,	Case No. 09-20215

        Plaintiff,	HONORABLE SEAN F. COX
                                         United States District Judge

v.

D-12 ERNEST NEAL,

        Defendant.
_____/

## REVOCATION OF RELEASE AND ORDER OF DETENTION

The defendant, Earnest Neal, was indicted on May 13, 2009 by a grand jury, and charged with possession with one count of health care fraud conspiracy, in violation of 18 U.S.C. § 1349. The defendant acknowledged the indictment on June 29, 2009 [*See* Doc. No. 77]. Neal was released on an unsecured bond with a number of conditions, including conditions that he report to the Pretrial Officer as directed, abstain from the use or possession of controlled substances, and submit to a drug treatment program.

On September 16, 2009, the Pretrial Officer filed a petition for an order to revoke defendant's bond, and for the issuance of an arrest warrant, based upon the following conduct alleged to have been committed by Neal: 1) Neal's voluntary departure from the Salvation Army Harbor Light twenty-eight day in-patient program; 2) Neal's refusal to comply with the Eastwood Clinic's out-patient assessment that he submit to intensive out-patient treatment; 3) Neal's urinalysis screen on August 24, 2009, which registered positive for cocaine, opiates, and benzodiazepines; and 4) Neal's urinalysis screen on September 8, 2009, which registrered positive for opiates and cocaine. On September 28, 2009 after arriving over an hour late, Neal

1

appeared before the undersigned district court judge to answer to the charges in the petition, wherein Neal admitted to the underlying alleged conduct.  Specifically, Neal admitted to using cocaine and heroin shortly before failing his drug tests on August 24, 2009 and September 8, 2009.

The circumstances where a person released under 18 U.S.C. § 3142 is charged with violating the conditions of his or her release is governed by 18 U.S.C. § 3148.  If a person is found to have violated the conditions of release, that person can have their release revoked and an order of detention can be entered.

Where such an allegation is made, a hearing should be conducted and if, after the hearing, it is determined that (1) there is probable cause to believe that a crime has been committed, or (2) clear and convincing evidence that another violation has been committed, and, there is no condition or combination of conditions what will assure that the person will not flee or pose a danger to the safety of any other person or to the community, or, the person is unlikely to abide by any condition or combination of conditions or release, the person "shall" be detained. 18 U.S.C. § 3148(b)(1) and (2).

Additionally, if there is probable cause to believe that the person has committed a felony while on release, a rebuttable presumption arises that no condition or combination of conditions will assure that the defendant will not pose a danger to the safety of any other person or the community.  *Id*.

At the hearing, the government moved for Neal's detention based upon the report of the Pretrial Officer.  Counsel for the defendant did not contest the majority of statements as outlined by the Pretrial Officer in her report, though counsel did allege that Neal had a valid prescription

for the benzodiazepines that he tested positive for during the August 24, 2009 drug screening.

Accordingly, I find by clear and convincing evidence that the defendant has failed to abide by the conditions of his release by voluntarily withdrawing from the Salvation Army Harbor Light in-patient program, by failing to comply with the out-patient treatment assessment provided by the Eastwood Clinic, and by testing positive both for opiates and for cocaine on August 24, 2009 and September 8, 2009, respectively. I further find that the defendant is unlikely to abide by the conditions of bond in the future.

**IT IS THEREFORE ORDERED** that the bond previously set in this matter is revoked and that the defendant is hereby remanded to the custody of the United States Marshal pending trial in this matter.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: September 29, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 29, 2009, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager